UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC CONRAD GULBRONSON,<br><br>Plaintiff,<br><br>v.<br><br>GENA JONES, et al.,<br><br>Defendants. | No. 2:21-cv-01296-CKD P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and plaintiff has consented to have all matters in this action before a United States Magistrate Judge. See 28 U.S.C. § 636(c).

Plaintiff requests leave to proceed in forma pauperis. As plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a), his request will be granted. Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account

exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

### I. Screening Requirement

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Furthermore, a claim upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

### II. Allegations in the Complaint

At all times relevant to the allegations in the complaint, plaintiff was an inmate at

2

California State Prison-Sacramento ("CSP-Sac"). The complaint names 26 different defendants employed in various capacities at CSP-Sac. In his first claim, plaintiff contends that he was "denied [a] Kosher Jewish diet for over a year by defendants." ECF No. 1 at 5. The much more detailed second claim for relief is purportedly based on a violation of the First Amendment's right of access to the courts. It alleges that defendants Lujan, Jora, Baker, Pierce, and Valine failed to protect plaintiff from another inmate who broke the glass on plaintiff's cell door severely injuring his left eye. ECF No. 1 at 6. In the same claim, plaintiff alleges that defendant Lujan threw plaintiff's inmate grievance into the trash on June 25, 2020 preventing him from accessing the courts to obtain compensatory damages for the injury to his eye. ECF No. 1 at 6. Plaintiff's third claim for relief is based on an asserted conspiracy to retaliate against him by defendants Shearer, Leatherman, Pierce, Ehlers, Manes, Konrad, Leckie, Peterson, Jones, Sampley, and Britton. ECF No. 1 at 7. As part of the conspiracy, plaintiff was kept in a "strip-cell with nothing" from October 2020 until January 7, 2021. ECF No. 1 at 7. During this time, defendant Leatherman illegally touched plaintiff's crotch and lower torso while conducting a search of plaintiff's person. Id. While in this strip-cell, plaintiff went on a hunger strike from October 15, 2020 through October 27, 2020 during which time he asserts that he was deprived of liquid nutritional supplements prescribed by a doctor. Id. As a result, plaintiff suffered weight loss, pain and suffering, as well as mental anguish. Id.

### III. Legal Standards

The following legal standards are being provided to plaintiff based on his pro se status as well as the nature of the allegations in his complaint.

#### A. Linkage Requirement

The civil rights statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that

causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted). In order to state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

### B. Eighth Amendment Deliberate Indifference

Denial or delay of medical care for a prisoner's serious medical needs may constitute a violation of the prisoner's Eighth and Fourteenth Amendment rights. Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). An individual is liable for such a violation only when the individual is deliberately indifferent to a prisoner's serious medical needs. Id.; see Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006); Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002); Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000).

In the Ninth Circuit, the test for deliberate indifference consists of two parts. Jett, 439 F.3d at 1096, citing McGuckin v. Smith, 974 F.2d 1050 (9th Cir. 1991), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc). First, the plaintiff must show a "serious medical need" by demonstrating that "failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" Id., citing Estelle, 429 U.S. at 104. "Examples of serious medical needs include '[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain.'" Lopez, 203 F. 3d at 1131-1132, citing McGuckin, 974 F.2d at 1059-60.

Second, the plaintiff must show the defendant's response to the need was deliberately indifferent. Jett, 439 F.3d at 1096. This second prong is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference. Id. Under this standard, the prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but that person "must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994). This "subjective approach" focuses only "on what a defendant's mental attitude actually was." Id. at 839. A

showing of merely negligent medical care is not enough to establish a constitutional violation. Frost v. Agnos, 152 F.3d 1124, 1130 (9th Cir. 1998), citing Estelle, 429 U.S. at 105-106. A difference of opinion about the proper course of treatment is not deliberate indifference, nor does a dispute between a prisoner and prison officials over the necessity for or extent of medical treatment amount to a constitutional violation. See, e.g., Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989). Furthermore, mere delay of medical treatment, "without more, is insufficient to state a claim of deliberate medical indifference." Shapley v. Nev. Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985). Where a prisoner alleges that delay of medical treatment evinces deliberate indifference, the prisoner must show that the delay caused "significant harm and that Defendants should have known this to be the case." Hallett, 296 F.3d at 745-46; see McGuckin, 974 F.2d at 1060.

### C. Failure to Protect

Under the Eighth Amendment, "prison officials have a duty to protect prisoners from violence at the hands of other prisoners." Farmer v. Brennan, 511 U.S. 825, 833 (1994) (internal quotation marks, ellipsis, and citation omitted). However, "not . . . every injury suffered by one prisoner at the hands of another . . . translates into constitutional liability for prison officials responsible for the victim's safety." Id. at 834. A prison official may be held liable for an assault suffered by one inmate at the hands of another only where the assaulted inmate can show that the injury is sufficiently serious, and that the prison official was deliberately indifferent to the risk of harm. Id. at 834, 837. Thus, the relevant inquiry is whether prison officials, "acting with deliberate indifference, exposed a prisoner to a sufficiently substantial risk of serious damage to his future health." Id. at 834 (internal quotation omitted). To be deliberately indifferent, the "official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id.

### D. First Amendment Retaliation

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's

5

exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal. Rhodes v. Robinson, 408 F.3d 559 567-68 (9th Cir. 2005) (citations omitted). Filing an inmate grievance is a protected action under the First Amendment. Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003). A prison transfer may also constitute an adverse action. See Rhodes v. Robinson, 408 F.3d 559, 568 (9th Cir. 2005) (recognizing an arbitrary confiscation and destruction of property, initiation of a prison transfer, and assault as retaliation for filing inmate grievances); Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995) (finding that a retaliatory prison transfer and double-cell status can constitute a cause of action for retaliation under the First Amendment).

### E. First Amendment Free Exercise Clause

Among the rights prisoners possess is the right to the free exercise of religion, subject to limitations justified by the considerations underlying our penal system. O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987). In order to establish a violation of the Free Exercise Clause, a prisoner must show that a prison official burdened the practice of his religion without any justification reasonably related to legitimate penological interests. Shakur v. Schriro, 514 F.3d 878, 883–84 (9th Cir. 2008). The following factors should be considered when determining whether a regulation or practice which impinges on a prisoner's exercise of his religion is reasonable: 1) whether there is a valid rational connection between the regulation or practice and the legitimate governmental interest put forward to justify it; 2) whether there are alternative means for exercising the right in question; 3) the impact accommodation of the exercise at issue would have on prison personnel and resources; and 4) whether the regulation or practice is unreasonable because there are obvious, non-obtrusive alternatives available. Turner v. Safley, 482 U.S. 78, 89–90 (1987).

### F. First Amendment Access to the Courts

Plaintiff has a constitutional right of access to the courts and prison officials may not actively interfere with his right to litigate. Silva v. Vittorio, 658 F.3d 1090, 1101-02 (9th Cir. 2011). Prisoners also enjoy some degree of First Amendment rights in their legal correspondence. Bounds v. Smith, 430 U.S. 817, 824-25 (1977). However, to state a viable

6

claim for relief, plaintiff must allege he suffered an actual injury, which is prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or present a non-frivolous claim. Lewis v. Casey, 518 U.S. 343, 349 (1996).

### G.     Conditions of Confinement

In order for a prison official to be held liable for alleged unconstitutional conditions of confinement, the prisoner must allege facts that satisfy a two-prong test. Peralta v. Dillard, 744 F.3d 1076, 1082 (9th Cir. 2014) (citing Farmer, 511 U.S. at 837). The first prong is an objective prong, which requires that the deprivation be "sufficiently serious." Lemire v. Cal. Dep't of Corr. & Rehab., 726 F.3d 1062, 1074 (9th Cir. 2013) (citing Farmer, 511 U.S. at 834). In order to be sufficiently serious, the prison official's "act or omission must result in the denial of the 'minimal civilized measure of life's necessities." Lemire, 726 F.3d at 1074. The objective prong is not satisfied in cases where prison officials provide prisoners with "adequate shelter, food, clothing, sanitation, medical care, and personal safety." Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (quoting Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982)). "[R]outine discomfort inherent in the prison setting" does not rise to the level of a constitutional violation. Johnson v. Lewis, 217 F.3d at 732 ("[m]ore modest deprivations can also form the objective basis of a violation, but only if such deprivations are lengthy or ongoing"). Rather, extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Farmer, 511 U.S. at 834; Hudson v. McMillian, 503 U.S. 1, 9 (1992). The circumstances, nature, and duration of the deprivations are critical in determining whether the conditions complained of are grave enough to form the basis of a viable Eighth Amendment claim. Johnson v. Lewis, 217 F.3d at 731.

The second prong focuses on the subjective intent of the prison official. Peralta, 774 F.3d at 1082 (9th Cir. 2014) (citing Farmer, 511 U.S. at 837). The deliberate indifference standard requires a showing that the prison official acted or failed to act despite the prison official's knowledge of a substantial risk of serious harm to the prisoner. Id. (citing Farmer, 511 U.S. at 842); see also Redman v. Cnty. of San Diego, 942 F.2d 1435, 1439 (9th Cir. 1991). Mere

negligence on the part of the prison official is not sufficient to establish liability. Farmer, 511 U.S. at 835.

### H.     Conspiracy

To state a claim for conspiracy under 42 U.S.C. § 1983, plaintiff must plead specific facts showing an agreement or meeting of minds between the defendants to violate his constitutional rights. Woodrum v. Woodward Cnty., 866 F.2d 1121, 1126 (9th Cir. 1989). Plaintiff must also show how an actual deprivation of his constitutional rights resulted from the alleged conspiracy. Id. "'To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy.'" Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2002) (quoting United Steel Workers of Am. V. Phelps Dodge Corp., 865 F.2d 1539, 1541 (9th Cir. 1989) ).

The federal system is one of notice pleading, however, and the court may not apply a heightened pleading standard to plaintiff's allegations of conspiracy. Empress LLC v. City and County of San Francisco, 419 F.3d 1052, 1056 (9th Cir. 2005); Galbraith v. County of Santa Clara, 307 F.3d 1119, 1126 (2002). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level...." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A plaintiff must set forth "the grounds of his entitlement to relief[,]" which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action...." Id.

### I.     Joinder of Multiple Claims and Parties

A plaintiff may properly assert multiple claims against a single defendant in a civil action. Fed. Rule Civ. P. 18. In addition, a plaintiff may join multiple defendants in one action where "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions and occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). However, unrelated claims against different defendants must be pursued in separate lawsuits. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). This rule is intended "not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to

ensure that prisoners pay the required filing fees—for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." Id.

**IV.   Analysis**

While plaintiff's second claim for relief describes what another inmate did that caused plaintiff's eye injury, it does not explain how the named defendants were each responsible for the asserted constitutional violation. With the exception of defendants Lujan and Leatherman, plaintiff's complaint fails to identify how each of the remaining 24 named defendants engaged in conduct that resulted in the denial of plaintiff's constitutional rights. Absent this linkage, the court cannot determine what role the majority of the named defendants played in the alleged deprivation of plaintiff's rights. To the extent that plaintiff is framing his claim against defendant Lujan as a violation of his First Amendment right of access to the courts, it is not clear, nor specifically alleged, what prejudice plaintiff suffered with respect to any contemplated or existing litigation. See Lewis v. Casey, 518 U.S. at 349. Therefore, the complaint fails to state a claim against defendant Lujan. Plaintiff's conspiracy claims against defendant Leatherman and others are entirely conclusory. Plaintiff does not allege any facts that would support an inference of an agreement between any of the named defendants to conspire to violate plaintiff'. For all these reasons, the court finds that plaintiff's complaint fails to state a claim upon which relief can be granted under federal law. Therefore, plaintiff's complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, in his amended complaint, plaintiff must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

V.   **Plain Language Summary for Pro Se Party**

The following information is meant to explain this order in plain English and is not intended as legal advice.

The court has reviewed the allegations in your complaint and determined that they do not state any claim against the defendants. Your complaint is being dismissed, but you are being given the chance to fix the problems identified in this screening order.

Although you are not required to do so, you may file an amended complaint within 30 days from the date of this order. If you choose to file an amended complaint, pay particular attention to the legal standards identified in this order which may apply to your claims.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for leave to proceed in forma pauperis (ECF No. 5) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket

/////

/////

/////

number assigned this case and must be labeled "Amended Complaint." Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated: December 6, 2021

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/gulb1296.14.docx