UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC CONRAD GULBRONSON, | No. 2:21-cv-01296-CKD P |
| Plaintiff, | |
| v. | ORDER |
| GENA JONES, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

On December 6, 2021, the court screened plaintiff's complaint and dismissed it with leave to amend. ECF No. 12. The court provided plaintiff with the relevant legal standards governing his potential claims for relief. ECF No. 12 at 3-9. Plaintiff's first amended complaint is now before the court for screening. ECF No. 15.

As plaintiff was previously advised, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from

such relief. 28 U.S.C. § 1915A(b)(1), (2).

## I.     Allegations in the Amended Complaint

At all times relevant to the allegations in the first amended complaint, plaintiff was a prisoner at California State Prison-Sacramento ("CSP-Sac"). In claim one, plaintiff alleges that on May 20, 2020, defendants Lujan and Jora allowed a violent prisoner to gain access to a chain that he used to shatter plaintiff's cell window causing an injury to plaintiff's left eye. ECF No. 15 at 4. Plaintiff alleges that this was done in deliberate indifference to his Eighth Amendment right to safety. In claim two, plaintiff alleges that these same defendants violated his First Amendment right of access to the courts by throwing away his inmate grievance about this incident. ECF No. 15 at 4. In his last claim for relief, plaintiff challenges a separate search that was conducted on October 13, 2020 by defendant Leatherman. ECF No. 15 at 5. Plaintiff alleges that defendant Leatherman touched his genitals and groin area both outside and inside of plaintiff's clothing while he was restrained in mechanical restraints. ECF No. 15 at 5. Because this search was conducted after he had already been strip searched, plaintiff alleges that it constituted a sexual battery. ECF No. 15 at 5. Defendant Leatherman then threatened to pepper spray plaintiff before placing him in a special management cell without access to any property, writing supplies, bedding or clothing for approximately three months. Id.

## II.    Analysis

After conducting the required screening, the court finds that plaintiff may proceed on the Eighth Amendment claim against defendants Lujan and Jora for being deliberately indifferent to his safety. However, plaintiff does not state a valid First Amendment denial of access to the courts claim against defendants Lujan and Jora. The allegations fail to demonstrate that plaintiff suffered an actual injury with respect to any court case as demonstrated by his filing of the present civil action. To the extent that plaintiff alleges that these defendants prevented him from exhausting his administrative remedies, that is not an actual injury to any contemplated or existing litigation. See Lewis v. Casey, 518 U.S. 343, 349 (1996). The right of access to the courts is limited to nonfrivolous legal claims such as direct criminal appeals, habeas corpus proceedings, and § 1983 actions. See Lewis, 518 U.S. at 353 n. 3 and 354–355; see also Phillips

v. Hust, 588 F.3d 652, 655 (9th Cir. 2009) (to succeed on denial of access claim, a plaintiff must show that official acts or omissions hindered efforts to pursue a non-frivolous legal claim).

The allegations in claim three against defendant Leatherman do not arise from the same transaction or occurrence as those against defendants Lujan and Jora. Nor do they involve a common question of law or fact because they are based on different constitutional violations that occurred on different dates. As a result, the allegations against defendant Leatherman are improperly joined to the present civil action. See Fed. R. Civ. P. 20(a)(2). The unrelated claims against defendant Leatherman must be pursued in a separate civil action.

Based on these deficiencies in the remaining claims, plaintiff will be granted leave to file a second amended complaint should he decide that he does not want to immediately proceed on the Eighth Amendment claim found cognizable against defendants Lujan and Jora in this screening order.

### III. Plain Language Summary for Pro Se Party

The following information is meant to explain this order in plain English and is not intended as legal advice.

Some of the allegations in the amended complaint state claims for relief against the defendants, and some do not. You must decide if you want to (1) proceed immediately on the Eighth Amendment claim against defendants Lujan and Jora; or, (2) amend the complaint to fix the problems identified in this order with respect to the remaining claims and defendants. Once you decide, you must complete the attached Notice of Election form by checking only one box and returning it to the court.

Once the court receives the Notice of Election, it will issue an order telling you what you need to do next. If you do not return this Notice, the court will construe this failure as consent to dismiss the deficient claims and will order service of the complaint only on the claim found cognizable in this screening order.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff has the option to proceed immediately on the Eighth Amendment claim against defendants Lujan and Jora presented in claim one of the first amended complaint.

2.  Within 21 days from the date of this order, plaintiff shall complete and return the attached Notice of Election form notifying the court whether he wants to proceed on the claims found cognizable in this screening order or whether he wants time to file a second amended complaint.

3.  If plaintiff fails to return the attached Notice of Election within the time provided, the court will construe this failure as consent to dismiss the deficient claims and proceed only on the cognizable claims identified in this screening order.

Dated: May 11, 2022

*/s/ Carolyn K. Delaney*
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/gulb1296.option.docx

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC CONRAD GULBRONSON,<br><br>    Plaintiff,<br><br>v.<br><br>GENA JONES, et al.,<br><br>    Defendants. | No. 2:21-cv-02196-CKD<br><br>NOTICE OF ELECTION |

**Check only one option:**

_____ Plaintiff wants to proceed immediately on the Eighth Amendment claim against defendants Lujan and Jora.  Plaintiff voluntarily dismisses the remaining claims and defendants.

_____ Plaintiff wants time to file a second amended complaint.

DATED:

    _____
    Plaintiff

5